IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CITATION NOS. |
| | ) | |
| | ) | 7070780/7070781; |
| TAMRIS McROY, NINA REYES, | ) | 7070782/7070783; and |
| and RYAN THOMAS | ) | 7070787/7070788 |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

**COME NOW** Defendants Tamris McRoy, Nina Reyes, and Ryan Thomas (hereinafter collectively referred to as "Defendants"), in the above-styled action, by and through undersigned counsel, and hereby move this Court to suppress any evidence obtained by law enforcement on or about June 30, 2017. In support of this motion, Defendants show the Court the following:

### FACTUAL BACKGROUND

On June 30, 2017, Defendants were detained and interrogated by law enforcement officials purportedly employed by the Hall County Sheriff's Department, and by a federal park ranger employed by the United States (hereinafter collectively referred to as "law enforcement officials"). The law enforcement officials were called to the scene to investigate an encounter between Defendants and other individuals on the campgrounds.

Defendants believe that the Government will attempt to introduce evidence obtained during their detention by law enforcement officials if this case proceeds to trial.

## **ARGUMENT**

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. Amend. IV. "Reasonableness" is the ultimate touchstone for addressing the constitutionality of a search under the Fourth Amendment.  See Florida v. Jemino, 500 U.S. 248, 250 (1991).  The general rule in the criminal context is that warrantless searches and seizures "are per se unreasonable under the fourth amendment-subject only to a very few specifically established and well-delineated exceptions."  Mincey v. Arizona, 437 U.S. 385, 390, 98 S.Ct. 2408, 2412, 57 L.Ed.2d 290 (1978) (quoting Katz v. United States, 398 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967)); see also United States v. McGregor, 31 F.3d 1067, 1068 (11th Cir. 1994). The Government bears the burden of proving the legality of a warrantless search and seizure.  See United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951); see also Mincey, 437 U.S. at 390-91, 98 S.Ct. at 2412.

In this case, the detention of these Defendants amounted to an illegal arrest and unconstitutional seizure, and therefore, was unreasonable in the eyes of the United States Constitution.  Because the detention amounted to an illegal and

unconstitutional arrest, all of the evidence obtained through the unjustified detention is tainted, and therefore, must be suppressed.

## CONCLUSION

For these reasons, defendants respectfully request that this court: (a) conduct a pretrial evidentiary hearing, at which the Government should be required to show cause why the relief sought should not be granted; (b) allow defendants to supplement this motion, if necessary; (c) allow counsel to file a brief in support of this motion following the evidentiary hearing, if necessary; and (d) grant the motion to suppress all illegally or unconstitutionally obtained evidence, or grant other relief as may be just under the circumstances of this case.

Dated: October 9, 2017.

Respectfully submitted,

/s/ James G. Banks
James G. Banks
Georgia Bar No. 721945
Attorney for Defendants

JGB Law Group, LLC
P.O. Box 50618
Atlanta, GA 30302
(678) 330-0245 (ofc)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CITATION NOS. |
| | ) | |
| | ) | 7070780/7070781; |
| TAMRIS McROY, NINA REYES, | ) | 7070782/7070783; and |
| and RYAN THOMAS | ) | 7070787/7070788 |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Judge's Case Manager as instructed and was sent via email to all parties of record.

Dated: October 9, 2017.

                                              Respectfully submitted,

                                              /s/ James G. Banks
                                              James G. Banks
                                              Georgia Bar No. 721945
                                              Attorney for Defendants

JGB Law Group, LLC
P.O. Box 50618
Atlanta, GA 30302
(678) 330-0245 (ofc)